United States District Court
Southern District of Texas
**ENTERED**
January 12, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUBEN VERDUZCO BENITEZ, | § § | CIVIL ACTION NUMBER 4:25-cv-06178 |
| Petitioner, | § § § | |
| versus | § § § § | JUDGE CHARLES ESKRIDGE |
| BRET BRADFORD, *et al*, Respondents. | § § | |

### OPINION AND ORDER ON DISMISSAL

Petitioner Ruben Verduzco Benitez is a citizen of Mexico who entered the United States without inspection in or about September 2001. Dkt 1 at ¶70; see also Dkt 1-2 at 10 ¶3 (declaration of Petitioner).

Petitioner and his wife have three children—one DACA recipient and two US citizens. Dkt 1-2 at 10 ¶4. Petitioner alleges that he was recently diagnosed with asthma and has a "documented history of severe persistent asthma with frequent exacerbations." Dkt 1 at ¶71; see also Dkt 1-2 at 18 (letter of Petitioner's doctor).

In May 2005, Petitioner was arrested for driving while intoxicated and served eighteen months of probation. Dkt 1 at ¶72; see also Dkt 1-2 at 20–21 (criminal history). He has no other criminal history. Dkt 1 at ¶72.

On November 7, 2025, Petitioner was detained by ICE while on his way to work. Id at ¶73. He was charged with inadmissibility under 8 USC §1182(a)(6)(A)(i) and placed in standard removal proceedings under 8 USC §1229a. Id at ¶74. He currently remains in custody at the Houston Contract Detention Facility. Id at ¶73. Respondents are sued in their official capacity as officers or employees of the

United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus*, by which Petitioner challenges his detention without a bond hearing. Dkt 1. He asserts that he's entitled to such hearing under 8 USC §1226(a), which provides for discretionary detention during removal proceedings. See id at ¶¶79–88.

Pending also is a motion by the Government for summary judgment. Dkt 8. The Government maintains that no bond hearing is required because Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Id at 3.

This action presents the same issue of textual interpretation recently addressed and resolved by the undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Maceda Jimenez v Thompson*, 2025 WL 3265493 (SD Tex); see also *Montelongo Zuniga v Lyons*, 2025 WL 3755126 (ND Tex) (Hendrix, J). The construction given 8 USC §§1225 and 1226 in those cases thus controls here.

The related argument by Petitioner for violation of bond regulations is also foreclosed by this construction. Petitioner points to language in such regulations stating, "Despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." Inspection and Expedited Removal of Aliens, 62 Fed Reg 10312, 10323 (1997); see Dkt 1 at ¶90, citing same. To the extent that this or other regulations contradict the plain text of §1225(b)(2)(A), the statute governs because "a valid statute always prevails over a conflicting regulation." *Duarte v Mayorkas*, 27 F4th 1044, 1060 n 13 (5th Cir 2022) (citation omitted).

Such construction also defeats Petitioner's APA claim. It proceeds on assertion that "federal regulations and case law provide the procedure for [him] . . . to seek a bond

redetermination by an IJ." Dkt 1 at ¶107. But that premise fails because detention without a bond hearing is lawful under the clear statutory authority of §1225(b)(2)(A).

It's noted that, although the petition asserts that Petitioner is a member of the bond-eligible class in *Maldonado Bautista v Santacruz*, 5:25-cv-01873 (CD Cal), his reply clarified that he's not requesting that the declaratory judgment in that action be given preclusive effect, with its citation being only for any persuasive value. See Dkts 1 at ¶57 & 9 at 13. The arguments raised by the Government as to *Maldonado Bautista* thus needn't be addressed. See Dkt 8 at 7–10.

Petitioner further maintains that his detention without a bond redetermination hearing as to whether he is a flight risk or danger to the community itself violates due process. Dkt 1 at ¶¶93–104. But the Supreme Court notes, "In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Demore v Kim*, 538 US 510, 521 (2003), quoting *Mathews v Diaz*, 426 US 67, 79–80 (1976). As such, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526. And Petitioner's citation to *Zadvydas v Davis* is unavailing, as there the Supreme Court explicitly distinguished *post*-removal-period detention (which has no obvious termination point, thus requiring a constitutional constraint on unbounded detention) from "detention pending a determination of removability." 533 US 678, 697 (2001). Further, Petitioner hasn't shown that his detention is approaching the six-month presumption in *Zadvydas*.

The related requests for stay of removal and injunctive relief are also denied. See Dkt 1 at ¶¶110–12, 120–22. A stay of removal is simply beyond the scope of jurisdiction in a matter proceeding on *habeas corpus* because it's unrelated to the fact or duration of his detention, which has been determined to be lawful under §1225(b)(2)(A). See *Pierre v US*, 525 F2d 933, 935–36 (5th Cir 1976): "Simply stated, habeas is not available to review questions

3

unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." For reasons stated above, Petitioner also hasn't established a substantial likelihood of success on the merits, precluding issuance of injunctive relief. See *City of El Cenizo v Texas*, 890 F3d 164, 176 (5th Cir 2018).

* * *

In so concluding, respectful acknowledgement is given to the seven other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case. Each has determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 2025 WL 3684697 (SD Tex) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 2025 WL 3684693 (SD Tex) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346 (SD Tex) (Rosenthal, J); *Reyes-Lopez v Noem*, 4:25-cv-04629 (SD Tex, Nov 21, 2025) (Lake, J); *Espinoza Andres v Noem*, 2025 WL 3458893 (SD Tex) (Hittner, J). Another three judges in this Division haven't reached decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that at least two cases from the Southern District of Texas are currently pending before the Fifth Circuit on this issue. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J); *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division). Three are also pending from the Western District of Louisiana. See *Kostak v Trump*, 25-30620; *Ventura Martinez v Trump*, 25-30621; and *Lopez-Santos v Noem*, 25-30656.

\* \* \*

The petition for a writ of *habeas corpus* is DENIED. Dkt 1.

The motion for summary judgment by the Government is GRANTED. Dkt 8.

This action is DISMISSED.

SO ORDERED.

Signed on __January 09, 2026__, at Houston, Texas.

*[signature: CREskridge]*

Honorable Charles Eskridge
United States District Judge